UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | No. 7:09-CR-43-ART-5 |
| | ) | No. 7:11-CV-7159-ART |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| VIRGINIA JUDE ROBINSON, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On February 16, 2011, Movant Virginia Jude Robinson, proceeding pro se, filed a motion seeking to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (D.E. 354). On preliminary review, the Court ordered Movant to show cause why this matter should not be dismissed in light of Movant's purported waiver of "the right to attack collaterally the guilty plea, conviction, and sentence." (D.E 299 at 4). Movant has timely responded to the Court's Order. (D.E. 361). However, for the reasons that follow, Movant's claims are foreclosed by the waiver provision of the plea agreement. Therefore, the Court **RECOMMENDS** that her motion be **DENIED**.

## I. BACKGROUND

On October 1, 2009, a federal grand jury returned an indictment charging Movant with conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1), distribution of

methadone in violation of 21 U.S.C. § 841(a)(1), and distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1). (*Id.*). For each count, Movant faced a maximum term of imprisonment of 20 years. (*Id.*). On March 11, 2010, Movant pled guilty to one count of conspiracy to distribute oxycodone.[1] (D.E. 203). After a comprehensive plea colloquy before Magistrate Judge Atkins, Movant's guilty plea was accepted by the Court. (D.E. 204).

District Judge Thapar conducted a sentencing hearing on August 10, 2010. (D.E. 298). At the hearing, the parties did not object to the pre-sentence report prepared by the Probation Office which calculated an offense level of 29 and a criminal history category I (D.E. 337 at 2:25-3:15), resulting in a Guidelines range of 87 to 108 months, *see* United States Sentencing Commission, *Guidelines Manual* ch. 5, pt. A (Nov. 2010). At the hearing, Defendant argued for a sentence of probation. (D.E. 290). The United States, on the other hand, recommended a term of imprisonment of 60 months. (D.E. 337 at 16:3-6). Ultimately, Judge Thapar, after reviewing the 18 U.S.C. § 3553(a) factors, sentenced Defendant to a term of imprisonment of 54 months—almost three years below the low end of the guideline range and six months below the term of imprisonment recommended by the United States. (*Id.* at 24:16-20). Judge Thapar also sentenced Defendant to a three-year term of supervised release to follow her term of imprisonment. (*Id.* at 24:24-25:1).

Despite a term of the plea agreement barring Movant from collaterally attacking her guilty plea, conviction, and sentence (D.E. 299 ¶ 6), Movant has filed the instant

---

[1] Movant also pled guilty to a forfeiture count. (D.E. 299 ¶ 1).

motion doing just that. She argues that her attorney did not do enough at the sentencing hearing to ensure that she would receive a sentence of probation or home confinement. Thus, she contends that she received ineffective assistance of counsel.

## II. DISCUSSION

Generally speaking, a prisoner has a statutory right to collaterally attack her conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a § 2255 claim, she must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255. If the movant alleges a constitutional error, she must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings," *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the movant alleges a non-constitutional error, she "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (quotation omitted).

Like other statutory and constitutional rights, the right to collaterally attack a sentence or conviction may be waived. *Id.* at 489 ("a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.").

As a result, where a movant has waived "the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Only where the movant "articulate[s] a basis for attacking the validity of h[er] plea" may she escape the consequences of the waiver provision. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (noting that "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself."). Thus, a movant that has otherwise waived the right to collaterally attack her conviction and sentence, must "raise[] a challenge that goes to the validity of h[er] waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel." *Id.*

Here, there is no evidence to suggest that the guilty plea and waiver was anything other than voluntary. In fact, Magistrate Judge Atkins performed a full plea colloquy as required by Fed. R. Crim. P. 11(b). (D.E. 204 at 1-2). This colloquy is designed to ensure that a defendant's plea is knowing and voluntary. *See United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988) ("Rule 11 of the Fed. R. Crim. P. has been carefully drafted and amended to the end that the guilty plea process be precise to make certain that a defendant pleading guilty understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with the full understanding of the nature of the crime charged and the consequences of his guilty plea and that there is a factual basis for the crime to which the plea is being offered."). During the colloquy, Movant was advised of all of the essential terms of the plea agreement as well as all of the elements that the

Government would have to prove at trial beyond a reasonable doubt. (D.E. 216 at 16:9-18:16; *id.* at 28:19-32:2). Furthermore, Movant was advised of the maximum penalties she faced by pleading guilty (*id.* at 21:18-22:11), and she acknowledged that she had not been promised any particular sentence in exchange for pleading guilty. (*Id.* at 19:12-18).

Notably, Judge Atkins explained the waiver provision of the plea agreement to Movant:

> THE COURT: Another paragraph that I want to speak with you about in your plea agreement is found at Paragraph 6. And it states that the defendant waives . . . the right to attack collaterally the guilty plea, conviction, and sentence.
> . . .
>
> Now, that means that, after all of these proceedings are over, after you've been sentenced and you're either moving on with your sentence, you're incarcerated or [you're] on probation or whatever, if you believe that something happened that was wrong in your case, you cannot file a separate legal proceeding or a legal lawsuit to challenge the conviction. You cannot challenge the guilty plea, the conviction, or sentence.
>
> And this relates to what's called a habeas action or a motion under §2255. It would be a motion to vacate for some reason. But you're waiving not only the right to directly appeal the conviction and guilty plea and the sentence, but you're also waiving the right voluntarily to attack it through another legal action.
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. Have you had enough of an opportunity to speak with your attorney about this paragraph? It's very important. I just want to make sure you understand it fully.

5

| | | |
|---|---|---|
| DEFENDANT: | Yes. | |
| THE COURT: | Do you feel the need to speak with him any further about it at this time? | |
| DEFENDANT: | No. | |
| THE COURT: | Okay. Is your entry into the plea agreement, as it relates to this paragraph, voluntary? | |
| DEFENDANT: | Yes. | |

(*Id.* at 26:3-28:4). Following this Rule 11 colloquy, Movant pled guilty. (*Id.* at 36:23-37:1). Judge Atkins accepted the guilty plea after finding Movant competent and capable of entering into an informed plea. (*Id.* at 37:2-10). Furthermore, Judge Atkins found that the plea was knowing, voluntary, and supported by an independent basis in fact, containing the essential elements of the charged offenses. (*Id.*).

Movant argues that her attorney did not discuss the content of the plea agreement or the consequences of pleading guilty. (D.E. 354 at 4). Furthermore, Movant argues that her attorney "failed to explain and disclose to me evidence that prosecutors stated they had against me." (*Id.* at 5). Likewise, Movant argues that her attorney did not allow her to read the plea agreement, and that she therefore did not have knowledge of the agreement's terms. (*Id.* at 7). More specifically, Movant contends that her attorney essentially promised Movant that she would received a sentence of probation. (*Id.* at 8). Each of these arguments is belied by the statements Movant made under oath during the Rule 11 plea colloquy.

| | |
|---|---|
| THE COURT: | All right. Did you get the chance to talk to your attorney about the charges against you in the indictment? |

6

DEFENDANT: Yes.

THE COURT: Did you get a chance to talk to him about any defenses that you thought might be available to you, as well?

DEFENDANT: Yes.

THE COURT: Did you get the chance to talk to your attorney about any discovery that the government might have provided?

DEFENDANT: Yes.

THE COURT: Are you satisfied with Mr. Butler's legal advice to you in this case?

DEFENDANT: Yes.

THE COURT: Are you satisfied with the way he's represented you in this case?

DEFENDANT: Yes.

. . .

THE COURT: All right. Ms. Robinson, I've been given two documents. One is a plea agreement, and the other is a sealed supplement to the plea agreement. And both of these documents appear to have your signature. And it shows that you signed them today. Are these your signatures on these documents?

DEFENDANT: Pardon me?

THE COURT: Are these your signatures on these two documents?

DEFENDANT: Yes. Yes.

THE COURT: You signed the plea agreement?

DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | You also signed the sealed supplement? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. Did you read these documents before you signed them? |
| DEFENDANT: | Yes. |
| THE COURT: | Did you get the chance to talk to the attorney about the terms of the documents before you signed them? |
| DEFENDANT: | Yes. |
| THE COURT: | Are you satisfied that, when you signed them, you understood the terms of the documents what they said? |
| DEFENDANT: | Yes. |
| | . . . |
| THE COURT: | But what I want to make sure that you're aware of and understand, what I want to ask you, as part of your plea agreement, has anyone promised you that, if you plead guilty, you will receive a particular sentence or a sentence of a specific number of months, for instance? |
| DEFENDANT: | No. |
| THE COURT: | Okay. Has anyone threatened or intimidated you or tried to force you in any way to plead guilty in this matter? |
| DEFENDANT: | No, sir. |

(D.E. 216 at 14:6-23, 15:2-16:2, 19:12-22). It is well established that where the court has scrupulously followed the procedure required by Rule 11, "'the defendant is bound by h[er] statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)).

Here, the Rule 11 inquiry performed by Judge Atkins was scrupulous. Moreover, Movant's responses to that inquiry establish that she consented in open court to the terms of the plea agreement, she understood the consequences of her guilty plea, and she consciously chose to plead guilty rather than go to trial. *See id.* at 92. Thus, the waiver provision of her plea agreement is binding. *See Acosta*, 480 F.3d at 422. The Court, therefore, will not address the arguments raised in Movant's § 2255 motion.

## III. CERTIFICATE OF APPEALABILITY

Where a movant's § 2255 motion is denied on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Movant's § 2255 motion was denied on procedural grounds— that is, pursuant to a valid and enforceable waiver. No Certificate of Appealability should issue because no jurist of reason would debate whether the § 2255 motion stated a valid claim. A movant is simply not entitled to collaterally challenge her guilty plea, conviction, or sentence where, as here, her plea was knowing and voluntary, and not the product of ineffective assistance of counsel.

## IV. CONCLUSION

Having reviewed Movant's § 2255 motion, the Court concludes that Movant has failed to make the requisite showing that would entitle her to relief. Therefore, the Court **RECOMMENDS** that Movant's motion to vacate her conviction and sentence (D.E.

354) be **DENIED**. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 15th day of April, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge